IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | |
|---|---|
| ELIZABETH CORBIN, </br></br> Plaintiff, </br></br> vs. </br></br> HAPPY HEARTS HOMECARE, LLC, and KIMBERLY D. PAPPAS, INDIVIDUALLY, </br></br> Defendants. | Judges: </br></br> Civil Action No.: </br></br> JURY DEMAND |

# COMPLAINT

Comes the Plaintiff, Elizabeth Corbin, and sues Defendants Happy Hearts Home Care, LLC (hereinafter "Happy Hearts") and Kimberly D. Pappas, individually, as follows:

## I. PRELIMINARY STATEMENT

1. This action arises from Defendants' violation of the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (hereinafter, the "FLSA").

## II. JURISDICTION AND VENUE

2. The matter in controversy involves a question of federal law, giving the Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

Page 1

3. Plaintiff Corbin was employed by Defendant Happy Hearts in Crossville, Tennessee. Venue is therefore proper in this District Court pursuant to 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff Corbin is a citizen and resident of Cumberland County, State of Tennessee.

5. Defendant Happy Hearts is a Tennessee Limited Liability Company with its principal office at 256 Genesis Road, Suite 102, Crossville, Tennessee. It may be served through its Registered Agent, Kimberly D. Pappas, at 256 Genesis Road, Suite 102, Crossville, Tennessee 38555-4202. (Exhibit 1, attached hereto).

6. Defendant Kimberly D. Pappas is the sole member of Defendant Happy Hearts and is sued in her individual capacity. She may be served at 256 Genesis Road, Suite 102, Crossville, Tennessee 38555-4202.

7. Plaintiff Corbin reserves the right to amend this Complaint with leave of court to name and/or substitute as Defendant any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

### IV. FACTS

**A. Period From October 19, 2018 until January 27, 2019**

8. Plaintiff Corbin was initially employed by Defendant Happy Hearts in year 2014 as a care-giver for elderly clients of Defendant Happy Hearts.

9. Plaintiff was classified as an independent contractor.

10. Defendant Happy Hearts required Plaintiff to sign a contract which forbade her to engage in any other employment of business activity without written consent of

Defendant Happy Hearts, and which contained a non-compete provision. Plaintiff was also required to wear a uniform, carry identification from Defendant Happy Hearts, attend mandatory training, and was scheduled for work hours by Defendant Happy Heart. Plaintiff was required to find a substitute employee if she could not work a shift.

11. Defendant Happy Heart did not withhold taxes from Plaintiff's wages and did not pay Social Security or FICA for Plaintiff during the period Plaintiff was a care-giver.

12. During the time Plaintiff was a 24-hour-per-day care-giver, she was not paid the federal minimum wage of $7.25.

13. During the time Plaintiff was a 24-hour-per-day care-giver, she was not paid the overtime wages for weeks she worked over 40 hours. .

14. Plaintiff was a care-giver until January, 2019.

**B. Period from January 28, 2019 until March 8, 2021**

15. On January 28, 2019, Plaintiff was promoted to be a Client/Employee Coordinator for Defendant. (See Exhibit 2, attached hereto.)

16. Plaintiff signed a new contract which again forbade her to engage in any other employment of business activity without Defendant Happy Heart's written consent and which contained a non-compete provision.

17. Plaintiff was required to keep a record of her time worked despite being told she was salaried. Her pay was specifically listed as for a set number of hours and she was docked if she missed time.

18. Plaintiff was mis-classified as an independent contractor. Plaintiff was actually a non-exempt hourly employee under the FLSA.

Page 3

Case 2:21-cv-00042    Document 1    Filed 10/19/21    Page 3 of 8 PageID #: 3

19. Plaintiff was paid $350 per week for a supposed 30-hour work week at the beginning of her time as Client/Employee Coordinator. This period was from January 29, 2019 to June 30, 2019.

20. Plaintiff was paid $400 per week for a supposed 30-hour work week from approximately July 1, 2019 until January 13, 2020.

21. Plaintiff was paid $500 per week for a supposed 30-hour week from approximately January 13, 2020 until June, 2020.

22. Defendant Happy Hearts changed the pay schedule so Plaintiff was paid once per month and it increased her weekly rate to $550 per week for a supposed 30-hour week beginning in June of 2020.

23. Throughout her time as Client/Employee Coordinator, Plaintiff worked 50 to 60 hours per week total, seeing clients, scheduling employees, and handling the day-to-day operation of the client coordination for the Defendants.

24. Plaintiff worked approximately 30 hours in the office per week and worked an additional 30 hours per week going to client locations and working at home, fielding calls from clients, rescheduling employees, and handling employee concerns.

25. Defendant Happy Hearts did not pay Plaintiff overtime wages.

26. Defendant Happy Hearts did not reimburse client for the use of her own vehicle, fuel expenses and the cost of the internet she used for work at home. These are work expenses for the Defendant's benefit.

27. Defendant Happy Hearts fired Plaintiff on March 8, 2021 and claimed that Plaintiff broke a rule by not contacting a client over the weekend.

## V. FAIR LABOR STANDARDS ACT CAUSE OF ACTION

28. Paragraphs 1 through 27 are hereby realleged and incorporated in full by reference as if fully set forth herein.

29. This cause of action is pled against Defendant Happy Hearts, and against Defendant Pappas individually.

30. Defendant Happy Hearts is subject to the FLSA as its employees are Home Health Care workers employed by a third party agency. There is no exemption to the FLSA for companionship services for agencies.

31. Defendant Pappas had the power to direct, control and supervise Plaintiff and the work performed; Defendant Pappas had the power to hire or fire, modify employment conditions and determine the pay rates and methods of wage payment; Defendant Pappas is the only member of a Member-Managed LLC and exercises significant control over the company functions. Consequently, Defendant Pappas is an employer under the Fair Labor Standards Act.

32. Additionally, Defendant Pappas is liable for such unpaid wages individually as a matter of law, as she was an "employer" under the FLSA in that she acted both directly and indirectly in the interest of employer Happy Hearts, in relation to employee Corbin; she had complete operational control over all significant aspects of the day-to-day functions of the business known as Happy Hearts Home Care, LLC and she effectively dominates the administration of the business known as Happy Hearts Home Care, LLC.

33. Plaintiff was employed by Defendant Happy Hearts as an employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

34. At all times hereinafter mentioned, Plaintiff's hours worked were in the scope of the employment relationship.

35. Plaintiff hereby consents to being named as party Plaintiff to this Action.

36. Defendants violated the FLSA by failing to pay the minimum wage to Plaintiff during the period she worked as a 24-hour-per-day care-giver.

37. Defendants violated the FLSA by failing to pay overtime to Plaintiff in violation of 29 U.S.C. 207(1) for the period of October 19, 2018 to March 8, 2021, and by doing the above wilfully and in reckless disregard of federal law resulting in Plaintiff's right to liquidated damages as set forth in 29 U.S.C. 216(b).

38. Plaintiff was misclassified as an independent contractor throughout her employment. Defendants are responsible to pay the applicable federal taxes and FICA payments for her wages due.

## VI. DAMAGES

39. Paragraphs 1 through 38 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

40. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law by the Defendants as alleged herein, Plaintiff has suffered damages in an amount according to proof, including but not limited to, lost wages.

41. Plaintiff's is owed both unpaid minimum wage and overtime wages for the period of time she was a 24-hour-per-day care-giver. Defendant Happy Hearts is in sole possession of Plaintiff's time records, so Plaintiff is unable to estimate damages owed at the current time of filing.

42. Plaintiff is entitled to liquidated damages due on the unpaid minimum wages and overtime wages for the time she was a care-giver.

43. Plaintiff's initial calculation of unpaid overtime for the period when she was a Client/Employee Coordinator varies depending upon her regular wage. It totals $54,133.60.

    A) For the period when Plaintiff's regular wage was $11.66, her overtime wage would be $17.49 per hour at 20 hours per week for the five month period from January 28, 2019 until June 30, 2019, which totals $6,996.

    B) For the period when Plaintiff's regular wage was $13.33, her overtime wage would be $19.99 per hour at 20 hours per week for the six and one-half month period from July 1, 2019 until January 13, 2020, which totals $10,394.80.

    C) For the period when Plaintiff's regular wage was $16.66, her overtime wage would be $24.99 per hour at 20 hours per week for the 18 week period from January 14, 2020 until May 18, 2020, which totals $8,996.40.

    D) For the period when Plaintiff's regular wage was $18.33, her overtime wage would be $27.50 per hour at 20 hours per week for the 10 and one-half month period from May 19, 2020 until March 8, 2021, which totals $23,100.

44. The failure of the Defendants to comply with the FLSA as alleged herein was wilful, and further the Defendants knew or should have known that their conduct was prohibited by the FLSA.

45. Plaintiff is further entitled to her reasonable attorney's fees and costs an amount to be determined pursuant to the provisions of FLSA and 29 U.S.C. § 216(b).

## VII. PRAYER FOR RELIEF

46. Paragraphs 1 through 45 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

47. As a result of the conduct and actions of the Defendants herein alleged, Plaintiff prays:

  A. That the Court assume jurisdiction of this action and that process issue;

  B. That Plaintiff be awarded damages in such amount as may be determined by this Honorable Court, including but not limited to damages for unpaid minimum wages and for unpaid overtime.

  C. That Plaintiff be awarded liquidated damages under the FLSA.

  D. For attorneys' fees and costs as cited herein; and,

  E. For such other and further relief which the Court deems just and proper.

Respectfully submitted this 19th day of October, 2021.

/s/ Katherine A. Young
Katherine A. Young, BPR No. 17178
YOUNG LAW OFFICE, P.C.
9041 Executive Park Drive, Suite 121
Knoxville, Tennessee 37923
Telephone (865) 474-1284
Facsimile (615) 296-0379
Katherine@younglawknoxville.com

Attorney for Plaintiff