# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION AT COOKEVILLE

| | |
|---|---|
| ELIZABETH CORBIN, | Civil Action No.: 2:21-cv-00042 |
| Plaintiff, | |
| vs. | Judges: Crenshaw/Newbern |
| HAPPY HEARTS HOMECARE, LLC, and KIMBERLY D. PAPPAS, INDIVIDUALLY, | |
| | JURY DEMAND |
| Defendants. | |

## Motion for Default Judgment

Comes now the Plaintiff, Elizabeth Corbin (hereinafter "Plaintiff"), and hereby moves for entry of default and default judgment against the Defendants, Happy Hearts Homecare, LLC and Kimberly D. Pappas, as provided by Rule 55(a) of the Federal Rules of Civil Procedure, because the record in this case demonstrates that there has been a failure to plead or otherwise defend. Plaintiff's Complaint was filed on October 19, 2021 and Defendants were served on October 23, 2021 [Docs. 8 and 9]. An Answer from Defendant was due on or before November 13, 2021. Defendants have defaulted. In support of her motion, Plaintiff respectfully shows the following:

Page 1

## I. DAMAGES BY COMPUTATION

Defendants, against whom a judgment for affirmative for relief has been sought, have failed to plead or otherwise defend this matter. In accord with Fed.R.Civ.P. 55(a), Plaintiff provides a declaration as to the amount of damages. (<u>Exhibit A,</u> attached hereto.)

A. <u>Unpaid Overtime</u>

In accord with Fed.R.Civ.P. 55(b)(1) Plaintiff seeks the amount of Forty-Nine Thousand Four Hundred Eighty Seven Dollars and Twenty Cents ($49,487.20) in unpaid overtime wages for the period from January, 2019 until March 8, 2021. Plaintiff's calculation of unpaid overtime for the period when she was a Client/Employee Coordinator varies depending upon her regular wage. Plaintiff cannot give exact weekly totals, because all time records are in the possession of Defendant. However, she has estimated her weekly overtime to be 20 hours per week, based upon her personal knowledge. Unpaid overtime wages are $49,487.20, calculated as follows:

1) For the period when Plaintiff's regular wage was $11.66, her overtime wage would be $17.49 per hour at 20 hours per week for the five month period (400 hours) from January 28, 2019 until June 30, 2019, which totals $6,996.

2) For the period when Plaintiff's regular wage was $13.33, her overtime wage would be $19.99 per hour at 20 hours per week for the six and one-half month period (520 hours) from July 1, 2019 until January 13, 2020, which totals $10,394.80.

3) For the period when Plaintiff's regular wage was $16.66, her overtime wage would be $24.99 per hour at 20 hours per week for the 18 week period (360 hours) from January 14, 2020 until May 18, 2020, which totals $8,996.40.

4) For the period when Plaintiff's regular wage was $18.33, her overtime wage would be $27.50 per hour at 20 hours per week for the 10 and one-half month period (840 hours) from May 19, 2020 until March 8, 2021, which totals $23,100.

For purposes of this Motion only, Plaintiff is willing to waive her unpaid wages for the period from October 19, 2019 to January 27, 2019 because there are no records available to Plaintiff in order to properly calculate the damages and she is unable to recall the dates worked.

B. Liquidated Damages

Plaintiff seeks the amount of Forty-Nine Thousand Four Hundred Eighty Seven Dollars and Twenty Cents ($49,487.20) in liquidated damages for the period from January 28, 2019 until March 8, 2021,

Defendants' failure to comply with the FLSA as alleged herein was wilful, and further the Defendants knew or should have known that their conduct was prohibited by the FLSA. Defendants are both employers of Plaintiff and should be held equally liable for the unpaid wages. Defendant has control of the records required under the Fair Labor Standards Act and has taken the position by Defendants that Plaintiff "volunteered" to work additional hours. Therefore, Plaintiff sets forth her estimation of hours worked.

## II. ATTORNEYS' FEES

Attached hereto is Exhibit B, Plaintiff's counsel's declaration regarding attorney fees due to Plaintiff for this action. The amount of attorneys' fees sought is Five Thousand Seven Hundred Twenty-Two Dollars and Fifty Cents ($5,722.50).

Page 3

Case 2:21-cv-00042   Document 10   Filed 11/30/21   Page 3 of 4 PageID #: 33

### III. COSTS

A Bill of Costs is attached for the amount of Four Hundred Sixty-Seven Dollars ($467.00) (Exhibit C)

### IV. CONCLUSION

Unpaid wages, liquidated damages, and attorneys' fees total One Hundred Four Thousand Dollars, Four Hundred Sixty-Seven Dollars and Fifty Cents ($104,697.50). Costs are Four Hundred Sixty-Seven Dollars ($467.00). Plaintiff seeks a judgment in the amount of One Hundred Five Thousand, One Hundred Sixty-Four Dollars and Fifty Cents ($105,164.50) in total.

Respectfully submitted this 30th day of November, 2021.

/s/ Katherine A. Young
Katherine A. Young, BPR No. 017178
YOUNG LAW OFFICE, P.C.
9041 Executive Park Drive, Suite 121
Knoxville, Tennessee 37923
Telephone (865) 474-1284
Facsimile (615) 296-0379
Katherine@younglawknoxville.com

Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon Defendants, Happy Hearts Homecare, LLC and Kimberly D. Pappas, 256 Genesis Road, Crossville, Tennessee 37855-4202, by properly addressed, postage pre-paid certified and standard United States Mail this 30th day of November, 2021.

/s/ Katherine A. Young
Katherine A. Young