IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | |
|---|---|
| ELIZABETH CORBIN, | Civil Action No.: 2:21-cv-00042 |
| Plaintiff, | |
| vs. | Judge: Waverly Crenshaw |
| | Magistrate Judge: Alistair E. Newbern |
| HAPPY HEARTS HOME CARE, LLC, and KIMBERLY D. PAPPAS, INDIVIDUALLY, | |
| | JURY DEMAND |
| Defendants. | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF CASE WITHOUT PREJUDICE**

Elizabeth Corbin ("Plaintiff"), by and through counsel, and Happy Hearts Home Care, LLC and Kimberly D. Pappas, ("Defendants"), (collectively "the Parties") jointly notify the Court that the Parties have resolved the above-referenced action and all claims raised therein. The Parties jointly move the Court for entry of an Order approving the Parties' Settlement Agreement resolving all claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), approving attorneys' fees, and dismissing this action without prejudice. (Exhibit 1, Settlement Agreement).

Plaintiff filed the Complaint pursuant to 29 U.S.C. § 201, *et seq*. against Defendants on October 19, 2021. The Complaint asserts claims under the FLSA and requests back pay, liquidated damages, attorneys' fees and expenses. The Defendants deny that the

Page 1

company failed to pay overtime to Plaintiff and Defendant Pappas denies that she is individually responsible, or that either violated the FLSA.

In the context of a private lawsuit brought by an employee against an employer under Section 216 of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after having determined that the settlement involves the resolution of a *bona-fide* dispute and is fair and reasonable. See *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922 (S.D. Ohio 2011); *Dillworth v. Case Farms Proc., Inc.*, 2010 U.S. Dist. LEXIS 20446, at ** 12-13 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Lafayette Urban County Gov't.*, 2008 U.S. Dist. LEXIS 90070, at ** 10-12 (E.D. Ky. Oct. 23, 2008). See also *D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

The proposed settlement of the back wage claims arises out of an action brought by Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of the back wage claims, Plaintiff was represented by counsel experienced in FLSA actions. Defendants were represented by experienced counsel, also.

The Parties' settlement of the back wage claims is the result of a *bona-fide* compromise between them on a variety of disputes of law and fact. The Parties stipulate that they are resolving the matter in order to avoid the cost, time, and risks associated with continued litigation. The Parties exchanged discovery and undertook detailed factual analyses of the hours worked by Plaintiff. The Parties agree that there is a *bona-fide* factual dispute where Defendants deny that Plaintiff was misclassified, and deny liability under the FLSA. The Parties dispute the number of overtime hours worked by the Plaintiff

and the overtime rate to be applied. The Parties submit that continuing to litigate this case would have caused undue expense for both Parties.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff is receiving payment for a portion of her claimed hours and liquidated damages. Plaintiff voluntarily agreed to the terms of her settlement. Plaintiff was counseled and represented by her attorney throughout the settlement process. Counsel for Plaintiff, in her opinion, believes the settlement is fair and reasonable under the circumstances.

The Parties agree and hereby stipulate that the amount set forth in the Settlement Agreement is sufficient to compensate Plaintiff for a reasonable compromise of the disputed back wages allegedly owed by Defendants and an equal amount of liquidated damages. Plaintiff's counsel has reduced her fee in order to facilitate settlement. Defendants do not oppose the attorney fees and expenses set forth above. A Declaration of Plaintiff's counsel regarding the fairness of the settlement and her fees and expenses is attached hereto as Exhibit 2.

The Parties intend this settlement to represent a final resolution of any cause of action arising out of or in connection with Plaintiff's rights under the FLSA during her employment with Defendant Happy Hearts Home Care, LLC. The Parties respectfully request that the Court approve the same and dismiss the Complaint without prejudice. Because the payment of settlement funds is to be made over the course of 2023, Defendants have given Plaintiff a signed Agreed Judgment to utilize if payments were to stop.

The Parties have further agreed that other than the attorneys' fees and expense payments in the Settlement Agreement, each party is responsible for their own attorneys' fees and costs associated with the back wage claims for which dismissal is requested by them.

## CONCLUSION

The Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties and dismiss the Complaint without prejudice with all costs to be borne pursuant to the Settlement Agreement, and with the Court to retain jurisdiction for the purpose of enforcing compliance with the terms of the Settlement Agreement.

Respectfully submitted this 2nd day of November, 2022.

| | |
|---|---|
| /s/ Blake J. Fitzpatrick | /s/ Katherine A. Young |
| Blake J. Fitzpatrick, BPR No. 035129 | Katherine A. Young, BPR No. 017178 |
| MOORE, RADER, FITZPATRICK AND YORK, PC | YOUNG LAW OFFICE, P.C. |
| P.O. Box 3347 | 9041 Executive Park Drive, Suite 121 |
| Cookeville, TN 38502 | Knoxville, Tennessee 37923 |
| Telephone (931) 526-3311 | Telephone (865) 474-1284 |
| Blake@mooreraderfitzpatrick.com | Katherine@younglawknoxville.com |
| Attorneys for Defendants | Attorney for Plaintiff |